PETER R. DION-KINDEM (SBN 95267)
PETER R. DION-KINDEM, P. C.
DION-KINDEM & CROCKETT
21271 Burbank Blvd., Suite 100
Woodland Hills, California 91367
Telephone: (818) 883-4400
Fax: (818) 676-0246

Attorneys for Plaintiff Barry Rosen

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Barry Rosen,<br><br>    Plaintiff,<br><br>vs.<br><br>Samuel K. "Kevin" Martin aka Kevin Martin, Piece of the Past, Inc., and Does 1 through 10,<br><br>    Defendants. | Case No. CV12-00657 ABC (FMOx)<br><br>**First Amended Complaint for Damages for Violation of Copyright**<br><br>**Demand for Jury Trial** |

Plaintiff Barry Rosen ("Plaintiff") alleges:

## Jurisdiction and Venue

1. ***Jurisdiction.*** This action arises under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. ***Venue.*** Venue is proper in this Court pursuant to 28 U.S.C. Section 1391 (b), (c), and Section 1400(a).

3. ***Personal Jurisdiction.*** Personal jurisdiction is proper over the Defendants because they either reside in California or the wrongful activity at issue concerns Defendants' operation of commercial businesses through which

    Defendants knowingly transact business and enter into contracts with individuals in California, including within the County of Los Angeles. Each of the Defendants, therefore, has purposefully availed itself of the privilege of doing business in California, and material elements of Defendants' wrongdoing occurred in this State, *i.e.*, Defendants caused the infringing images to be distributed to and displayed in Los Angeles County to thousands of persons.

4. Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them. The Doe defendants and the known Defendants are referred to hereinafter collectively as "Defendants."

5. Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. At some unknown time, the Defendants, or some of them, entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein. The actions described below were taken in furtherance of such conspiracy. Defendants aided and abetted each other in the wrongful acts alleged herein. Each of the Defendants acted for personal gain or in furtherance of their own financial advantage in doing the acts alleged below.

**First Amended Complaint**

2

## First Claim for Relief
### (Copyright Infringement – Against All Defendants)

6. Plaintiff realleges paragraph 1 through 5.

7. Plaintiff is a photographer. Plaintiff created the photographs identified in Exhibit 1 hereto ("Photographs"). Each of the Photographs consists of material original with Plaintiff and each is copyrightable subject matter. Plaintiff is the owner of all right, title, and interest in and to each of the Photographs. Plaintiff has registered the copyrights for the Photographs and has been issued Certificates of Registration.

8. Under Section 106 of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"), Plaintiff has the distinct, severable, and exclusive rights, *inter alia*, to reproduce, distribute and publicly display the Photographs. (17 U.S.C. §§ 106(1), (3), and (5).)

9. Within the last three years, Plaintiff discovered that Defendants Samuel K."Kevin" Martin aka Kevin Martin and Piece of the Past, Inc. without Plaintiff's permission, consent or authority, (1) made or caused to be made unauthorized copies of the Photographs, (2) distributed, made available for distribution, and/or facilitated the unauthorized distribution of unauthorized copies of the Photographs, (3) publicly displayed, made available for, and/or facilitated, the unauthorized public display of the Photographs, on eBay, and/or (4) offered prints of the Photographs for sale on eBay, knowing they did not have the right to do so.

10. Such conduct constitutes infringement of Plaintiff's copyrights and exclusive rights under copyright in the Copyrighted Works in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

11. Defendants have engaged and continue to engage in the business of knowingly and systematically inducing, causing, and/or materially contributing to the unauthorized reproduction, public display, and/or

distribution of copies of the Photographs. Defendants enable, induce, facilitate, and materially contribute to each act of infringement by infringing users. Defendants' conduct constitutes contributory infringement of Plaintiff's copyrights and exclusive rights under copyright in the Photographs in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

12. Defendants have and have had the right and ability to control the infringing conduct alleged above. Defendants have derived, or have continuously attempted to derive, a direct financial benefit from the infringing use of the Photographs. As a direct and proximate result of Defendants' failure and refusal to control and prevent the infringing activity, Defendants have infringed Plaintiffs' copyrights in the Photographs as set forth above. Defendants' conduct constitutes vicarious infringement of Plaintiff's copyrights and exclusive rights under copyright in the Photographs in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

13. The infringement of Plaintiff's rights in and to each of the Photographs constitutes a separate and distinct act of infringement.

14. Defendants' acts of infringement were willful, intentional, and purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights in that Defendants were aware of the infringing conduct on the Website and knew that they had no right to engage in the infringing acts, having been the subject of and having notice of numerous previous complaints about their infringing conduct.

15. As a direct and proximate result Defendants' infringements, Plaintiff was damaged, and Plaintiff is entitled to his actual damages and Defendants' profits pursuant to 17 U.S.C. section 504(b).

**First Amended Complaint**

4

DION-KINDEM & CROCKETT

16. Alternatively, at Plaintiff's election, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. Section 504(c) with respect to each work infringed or such other amounts as may be proper under 17 U.S.C. Section 504(c).

17. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated in money.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. section 502, Plaintiff is entitled to injunctive relief prohibiting further infringements of Plaintiff's copyrights.

18. Plaintiff is entitled to attorneys' fees and costs pursuant to 17 U.S.C. Section 505.

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For Plaintiff's actual damages.
2. For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendants as a result of their unlawful conduct.
3. For statutory damages under the Copyright Act.
4. That Defendants, their officers, agents, servants, employees, representatives, successors, and assigns, and all persons in active concert or participation with them, be enjoined from:
    A. copying, reproducing, distributing, offering for sale, or publicly displaying the Photographs;
    B. posting the Photographs on the internet;
    C. inducing, causing, materially contributing to, and profiting from the foregoing acts committed by others.

5. That Defendants be ordered to destroy all photographs, documents, and other items, electronic or otherwise, in its possession, custody, or control, that infringe the copyrights of Plaintiff.

6. That Defendants be ordered to remove all links between their website and all websites that display or offer to distribute or copy authorized copies of the Photographs and be prohibited from performing advertising and linking functions for such websites.

7. For prejudgment interest.

8. For attorneys' fees and costs.

9. For such other and further relief as this Court deems just and appropriate.

Dated: April 19, 2012         DION-KINDEM & CROCKETT

By:_____
Peter R. Dion-Kindem, P.C.
Peter R. Dion-Kindem
Attorneys for Plaintiff
Barry Rosen

**First Amended Complaint**

6

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial in this case.

Dated: April 19, 2012                    D<small>ION</small>-K<small>INDEM</small> & C<small>ROCKETT</small>

By:_____
Peter R. Dion-Kindem, P.C.
Peter R. Dion-Kindem
Attorneys for Plaintiff
Barry Rosen

**Exhibit 1 to Complaint**

*Barry Rosen v. Martin, et al.*

| Item No. | Copyrighted Work | Certificate No. | Website |
|---|---|---|---|
| 1. | Daisy Fuentes | VAu692-230 | eBay.com |
| 2. | Anna Kournikova 14 | VA 1-239-760 | eBay.com |
| 3. | Ali Landry | VAu660-263 | eBay.com |
| 4. | Daisy Fuentes | VA 1-230-934 | pieceofthepast.auctionserver.net |

Name & Address: Peter R. Dion-Kindem (95267)
Dion-Kindem & Crockett
21271 Burbank Blvd., Suite 100
Woodland Hills, CA 91367
Telephone: 818-883-4400
Fax: 818-676-0246

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Barry Rosen | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV12-00657 ABC (FMOx) |
| Samuel K."Kevin" Martin aka Kevin Martin, Piece of the Past, Inc., and Does 1 through 10 | SUMMONS |
| DEFENDANT(S). | |

TO: DEFENDANT(S): Samuel K."Kevin" Martin aka Kevin Martin, Piece of the Past, Inc., and Does 1 through 10

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☑ __first__ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Peter R. Dion-Kindem__, whose address is __21271 Burbank Blvd., Suite 100, Woodland Hills, CA 91367__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: APR 20 2012

Clerk, U.S. District Court

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)  SUMMONS